ROBINSON BROS. & CO., Inc. v. TYGART STEEL PRODUCTS CO., Inc. et al.

Civ. A. No. 7775.

United States District Court
W. D. Pennsylvania.

Nov. 30, 1949.

Joseph E. Madva, (of Thorp, Bostwick, Reed & Armstrong), Pittsburgh, Pa., Morton C. Chesler, (of Perlman, Goodman, Hecht & Chesler), Chicago, Illinois, for the plaintiff.

Maurice L. Kessler, Pittsburgh, Pa., for defendant Tygart Steel Products Co., Inc.

Bailey & Critchfield, Pittsburgh, Pa., for defendant M. J. Casiglio, individually and doing business as Lutz Trucking Company.

FOLLMER, District Judge.

The plaintiff-vendee sued defendant-vendor, (Tygart Steel Products Co., Inc.) alleging that defendant failed to deliver part of an order dated January 8, 1948, for steel sheets. Defendant counterclaimed on another separate and distinct contract dated January 26, 1948, between it and plaintiff, alleging plaintiff's failure to pay for part of the order, to wit., the sum of $1,960.50. Plaintiff moved to dismiss the counterclaim on the ground that the Court lacked jurisdiction of the claim alleged in the counterclaim because the amount actually in controversy is less than $3,000.00, exclusive of interest and costs.

■ The counterclaim here set forth is not one "arising out of the transaction which is the subject matter of the suit" and therefore is definitely a permissive counterclaim and is subject to the provisions of Rule 13(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ I am completely sympathetic with the designed purpose of the Federal Rules of Civil Procedure to obviate a multiplicity of suits and to provide economy, efficiency and convenience in judicial procedure, but I feel that these highly desirable objectives should be attained only within the scope of Federal jurisdiction.[1]

As suggested by Schulman and Jaegerman in "Some Jurisdictional Limitations On Federal Procedure," 45 Yale L. J. 393 (1936), 1 F. R. Serv. 699-711, one's conscience may be disturbed a bit where in an action for money, the defendant is not permitted to set-off against the plaintiff's claim a separate claim for money against the plaintiff. On the other hand, I cannot see how the allowance of the counterclaim as a set-off would in this case promote procedural economy and efficiency and convenience to the Court and parties litigant; to all intents and purposes, so far as the proofs are concerned, it would result in the trial of two entirely distinct suits. I cannot read into the rules something that obviously is not there.

The counterclaim is alleged here in the nature of a set-off, and a distinguishing feature of set-off is that it arises out of a transaction extrinsic to that out of which the primary claim arose.[2] The jurisdiction-

1. See Committee note to Rule 82, Federal Rules of Civil Procedure, Moore's Federal Practice, Vol. 3, Page 3439 (1938 Ed.),

"These rules grant extensive power of joining claims and counterclaims in one action, but, as this rule states, such grant does not extend federal jurisdiction."

2. In re Monongahela Rye Liquors, Inc., 3 Cir. 141 F.2d 864, 869.

al requirements as to the counterclaim are completely lacking here.[3]

The counterclaim is dismissed for lack of jurisdiction.

---

3. Cusimano v. Falciglia, S.D.N.Y., 6 F.R. D. 586; Lesnik v. Public Industrials Corporation, 2 Cir., 144 F.2d 968; Lib-bey-Owens-Ford Glass Co. v. Sylvania Industrial Corporation, 2 Cir., 154 F.2d 814, note 10.