**WARREN G. KLEBAN ENGINEERING CORPORATION, Plaintiff-Appellant,**

v.

**Thomas CALDWELL et al., Defendants-Appellees,**

**Denton Roberts, Jr., d/b/a Roberts Electrical Service, Intervenor-Appellant.**

No. 73-3323

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 8, 1974.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc., v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Ralph E. Rood, Dewitt T. Hicks, Jr., Columbus, Miss., for Kleban.

Johnny N. Tackett, Aberdeen, Miss., for Roberts.

W. Lester McDonough, New Albany, Miss., Laurel G. Weir, Philadelphia, Miss., for defendants-appellees.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

BELL, Circuit Judge:

Plaintiff-appellant, a citizen of Mississippi, began this suit against other Mississippi citizens in the state courts of Mississippi. It was removed to federal district court by the appellees, who constitute the Pontotoc County Board of Education. The case concerns damages allegedly owed by appellees for their refusal to accept plaintiff-appellant and intervenor-appellant as subcontractors in the construction of two school buildings. We vacate for lack of jurisdiction in the district court.

 While the buildings were required by federal court order, to establish a unitary school system in Pontotoc County, no federal question is involved in this suit. The district court ad-

dressed the jurisdictional issue ·as follows:[1]

> "Although no party has questioned our jurisdiction, we conclude that we are vested with ancillary jurisdiction to determine the present controversy because of the many-faceted aspects of the prolonged litigation aimed at establishment of a unitary school system in Pontotoc County, as reflected by the extensive prior hearings and various injunctive orders of this court, which we judicially note. Wright, Law of Federal Courts, 2d Ed., § 9, p. 19."

■ The district court misconceives the scope of ancillary jurisdiction. That doctrine is a limited exception to the rule that federal district courts have only such jurisdiction as is provided, in terms, by the Constitution or a statute. It may be employed when a federal court is presented with issues or parties so closely related to a matter over which it has jurisdiction as to be part of a single Article III "case". In such circumstances, and in the interest of judicial economy and complete justice, a federal court can exercise ancillary jurisdiction over such issues or parties. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 725–727, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228–230, dealing with the related concept of pendent jurisdiction.

■■ Thus the doctrine may be appropriately employed to obtain jurisdiction, in the absence of diversity, over non-federal compulsory counterclaims, Scott v. Fancher, 5 Cir., 1966, 369 F.2d 842, and cross-claims, Childress v. Cook, 5 Cir., 1957, 245 F.2d 798. It should be noted that in each instance Rule 13, F. R.Civ.P., requires that the claim arise out of a transaction or occurrence that is the subject matter of claims properly before the court. On the other hand, permissive counterclaims are not appropriate for ancillary jurisdiction. Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 5 Cir., 1970, 426 F.2d 709, 714–715.

■ Similarly, while ancillary jurisdiction can support the presence of impleaded parties, *id.* at 715, and of intervenors as of right, *id.*, it cannot support the presence of permissive intervenors. Babcock & Wilcox Co. v. Parsons Corp., 8 Cir., 1970, 430 F.2d 531, 540. The rules governing these joinder devices amply illustrate the proposition that ancillary jurisdiction operates only when there is a tight nexus with a subject matter properly in federal court. See Rules 14 and 24, F.R.Civ.P. That is, the ancillary claim must bear a "logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." *Revere Copper & Brass, supra,* 426 F.2d at 714.

■■ Further indications of the limited nature of ancillary jurisdiction are that it is insufficient to support joinder of a person needed for just adjudication under Rule 19, F.R.Civ.P., *see* Ranger Ins. Co. v. United Housing of New Mexico, Inc., 5 Cir., 1974, 488 F.2d 682, and that it apparently will not support an action by a class which includes persons who do not themselves satisfy jurisdictional amount requirements. *See* Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511.

■ The instant case is well outside the established bounds of ancillary juris-

---

1. The district court properly inquired on its own initiative whether it had jurisdiction of the removed suit. 28 U.S.C.A. § 1447(c); Gonzalez-Roman v. Federal Land Bank of Baltimore, D.P.R.1969, 303 F.Supp. 482, 483. Indeed, cases decided under the predecessor to current Section 1447(c) of Title 28—28 U.S. C.A. § 80 (1940)—held that the district courts had an affirmative duty to scrutinize their own jurisdiction. Pure Oil Co. v. Puritan Oil Co., 2 Cir., 1942, 127 F.2d 6, 8. Likewise, the Courts of Appeals have a continuing duty to inquire into the basis of jurisdiction in the district court and to satisfy themselves that the district court properly had jurisdiction to entertain an action. Mitchell v. Maurer, 1934, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338, 343; Fay v. Layne-Western Co., 8 Cir., 1960, 282 F.2d 97, 99.

diction. Appellants have no connection with the desegregation of Pontotoc County schools, and the factual and legal issues are totally different from those in that federal question case. As we view it, the issue here is not even close, for the exercise of ancillary jurisdiction neither fits within any conventional category, nor does it contribute at all to judicial efficiency and complete justice among the parties.

 The district court having no jurisdiction to render its judgment, that judgment must be and is vacated with direction that the case be remanded to the state courts of Mississippi.[2]

Vacated and remanded with direction.

2. We note that the parties failed on their own to raise the jurisdictional issue on appeal. This, however, is of no moment. It is settled law that the parties may not, by silence or agreement, confer upon the federal courts that jurisdiction which Congress has withheld. Mitchell v. Maurer, 1934, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338, 343; Lowry v. International Brotherhood etc., 5 Cir., 1958, 259 F.2d 568, 575. Upon determining that the trial court was without jurisdiction to entertain the instant suit, our function is limited to vacating the judgment below with directions that the case be remanded to the courts of the State of Mississippi for disposition. United States v. Corrick, 1936, 298 U.S. 435, 440, 56 S.Ct. 829, 831-832, 80 L.Ed. 1263, 1268; Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 8 Cir., 1964, 337 F.2d 24, 27.