Abraham **FINKEL** and Norman Saferstein, Plaintiffs,

v.

**UNITED STATES of America, Defendant and Third-Party-Plaintiff,**

v.

Joseph **BARBAGALLO,** Third-Party-Defendant.

No. 73 Civ. 3427.

United States District Court,
S. D. New York,
Dec. 4, 1974.

---

**6.** Rule 901(7) of the New Bankruptcy Rules designates the Referee as a Bankruptcy Judge.

**334**

Steven J. Romer, New York City, for plaintiffs, by Ronald A. Hollander, New York City, of counsel.

Paul J. Curran, U. S. Atty., New York City, for defendant and third party plaintiff, by Paul H. Silverman, Asst. U. S. Atty., of counsel.

Glabman, Rubenstein, Reingold & Rothbart, Brooklyn, P. C. for third party defendant; by Abraham Reingold, Brooklyn, of counsel.

## MEMORANDUM AND ORDER

Whitman KNAPP, District Judge.

Plaintiffs Finkel and Saferstein move to dismiss the claims asserted against them by third-party defendant Joseph Barbagallo on the ground that this court lacks jurisdiction to hear those claims.

For the reasons stated herein, the plaintiffs' motion should be granted.

In August, 1973, plaintiffs sued the United States Government to cancel an allegedly erroneous penalty tax assessment. The government counterclaimed for payment of such assessment, and filed a third-party complaint, against Barbagallo for payment of essentially the same taxes. The penalty tax assessments in question all stem from the unpaid tax liability of Carjoe Construction II, Inc. during the period October, 1968 to June 30, 1969. The only issue in the lawsuit between the government on the one hand, and Finkel, Saferstein, and Barbagallo on the other, is whether they, or any of them, were in sufficient "control" of Carjoe so as to be liable to the government for the company's conceded failure to remit the taxes.

█ In June, 1974, Barbagallo asserted "counterclaims"[1] against Finkel and Saferstein, alleging an indemnity agreement entitling him to recover from them any tax he must pay to the government. Finkel and Saferstein admit, for all practical purposes, the existence of the agreement and admit that, on its face, it covers some of the taxes included in the government's suit. However, in several detailed affirmative defenses, they assert that the indemnification provision has been negated because of certain misrepresentations made by Barbagallo at the time the agreement was entered into. Thus, the principal issue involved in the controversy between Finkel and Saferstein and Barbagallo is whether or not misrepresentations had been made. It should be noted that this issue—together with some others not here involved—is pending in a state action brought by Barbagallo against Finkel and Saferstein in the Supreme Court of Nassau County. This state action had been brought before plaintiffs started their present suit against the government.

Plaintiffs Finkel and Saferstein contend that this court lacks jurisdiction over Barbagallo's claims against them.[2] It is clear from the record before the court that there are no independent grounds on which to base jurisdiction of these claims. Barbagallo's contractual claims do not raise a federal question, and since both plaintiffs and Barbagallo are New York residents, diversity jurisdiction is also lacking.

█ If jurisdiction is at all appropriate in this case, it would have to be under the theory of ancillary jurisdiction. That doctrine is based on the premise that when federal jurisdiction over the subject matter of the main action once attaches, the court has ancillary jurisdiction to decide a third-party dispute growing out of the same core of facts, even though that dispute, separately considered, is lacking in the attributes of federal jurisdiction. See Dery v. Wyer (2d Cir. 1959) 265 F.2d 804; United States for Use and Benefit of D'Agostino v. Heyward-Robinson Company (2d Cir. 1970) 430 F.2d 1077, cert. denied 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632.

█ Rule 14 of the Federal Rules of Civil Procedure, which sanctions an impleader procedure, reflects the notion of ancillary jurisdiction. The sixth sentence of 14(a) provides:

> "The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

Although federal courts have divided on the issue of whether separate subject matter jurisdiction must be shown to sustain such a third-party defendant's

---

1. Technically, a third-party defendant does not counterclaim against the original plaintiff, since they are not "opposing" parties within the meaning of Rule 13 of the Federal Rules of Civil Procedure. See, Moore's Federal Practice, Vol. 3, § 14.17. The procedure for third-party claims is found in Rule 14 of the Federal Rules.

2. The government has informed the court that it does not take any position with respect to the instant motion.

claim against a plaintiff under Rule 14, see 6 Wright and Miller, Federal Practice and Procedure: Civil § 1458, at 311 n. 69 and § 1444, at 229–234, esp. nn. 90 & 91, we feel that the better view is to permit such claims if they fall under the court's ancillary jurisdiction. See, Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co. (5th Cir. 1970) 426 F.2d 709; Mayer Paving & Asphalt Co. v. General Dynamics Corp. (7th Cir. 1973) 486 F.2d 763, cert. denied 414 U. S. 1146, 94 S.Ct. 899, 39 L.Ed.2d 102.

Thus, the question which we must resolve is whether Barbagallo's claims against plaintiffs in this action arise out of the same aggregate or core of facts which is the subject matter of plaintiffs' action against the government. Although absolute identity of factual background for the two sets of claims is not required, they must bear a "logical relationship" to each other. See, United States v. Heyward-Robinson Company, *supra*, 430 F.2d 1077.

In this case, we are constrained to hold that ancillary jurisdiction should not attach to Barbagallo's allegations against the plaintiffs. As pointed out above, Barbagallo's claims pose issues basically irrelevant to the one presented by the federal action. The main dispute between the government and the other parties deals with the question of who was in sufficient control of Carjoe so as to be responsible for the payment of the taxes. The primary issue between Finkel and Saferstein, on the one hand, and Barbagallo, on the other, however, centers on whether fraud and misrepresentations occurred at the time their indemnification agreement was signed.

Finally, it should be emphasized that since Barbagallo has brought an action in state court on the identical issues involved in this third-party claims against Finkel and Saferstein, no prejudice can occur to Barbagallo from the dismissal of these claims.

Accordingly, the plaintiffs' motion to dismiss the third-party defendant's claims against them is granted.

So ordered.