**Thomas Perry WERNETH, Plaintiff,**

v.

**Thomas D. COOK, Defendant.**

**No. GC 72–99–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Aug. 20, 1979.

Maudine Gatlin, North Mississippi Rural Legal Services, Greenwood, Miss., for plaintiff.

P. J. Townsend, Jr., Drew, Miss., Champ T. Terney, Indianola, Miss., for defendants Thomas D. Cook, Jack Byars, Sergeant Kenneth Bagwell, Sergeant J. B. Birchfield, Sergeant Tom Moody, Tom Jones, Monroe Yates, J. D. Gilmer and George McLaurin.

James Robertson, Greenville, Miss., for defendant United States Fidelity and Guaranty Company.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

In the action sub judice, the court is faced with a problem which is likely to recur in cases of this nature. More specifically, the issue is whether or not, in an action involving public officials and the insurance companies which act as sureties on their bonds, a cross-claim for indemnity by the surety against the public employee survives without independent jurisdictional grounds, where the plaintiff's original action is dismissed. In order to resolve this issue, we must turn first to an analysis of the particular fact situation involved in this action.

The plaintiff, Thomas Perry Werneth, was an inmate at the Mississippi State Penitentiary. His original complaint was filed against the State of Mississippi and the officials of the penitentiary; however, leave was granted for the filing of an amended complaint which named as individual defendants, Thomas D. Cook, the former superintendent of the penitentiary, and Jack Byars, the former assistant superintendent, and other employees and inmates of the state penitentiary. The plaintiff also named as a party defendant, the United States Fidelity & Guaranty Company (USF&G), as the surety for defendant Cook's bond, as well as the public employee's blanket bond covering the other individual defendant employees. The plaintiff's action was for deprivation of due process, and was based on 42 U.S.C. §§ 1983 & 1985. In a separate answer and amended answer to the amended complaint, USF&G filed a cross-claim against the other defendants, asking that these individuals be held jointly and severally liable for any amount which USF&G would be required to pay to the plaintiff, as well as all costs and fees which USF&G would incur as a result of its defense of the plaintiff's action.

After a pretrial conference before the United States Magistrate, the court stayed this action, pending the consideration by the Fifth Circuit of a similar case, *Bogard v. Cook*, 405 F.Supp. 1202 (N.D.Miss.1975), aff'd, 586 F.2d 399 (5th Cir. 1978). Subsequent to the Fifth Circuit's decision, this court ordered the action sub judice to be placed on the active docket, but the plaintiff's death prevented this action from being prosecuted further. Pursuant to the court's order of February 5, 1979, the action was dismissed. Upon being advised, however, that the cross-claim by USF&G against the individual defendants should still be pending, the court rescinded its pre-

vious order, and issued an order dismissing plaintiff's original action, but preserving the cross-claim. The cross-defendants have now filed a motion to dismiss the cross-claim, on the grounds that it does not involve the sufficient jurisdictional amount, and that it lacks a sufficient relationship to the original claim to invoke the ancillary jurisdiction of the court. The cross-claimant contends, on the other hand, that no independent jurisdiction is required to support the cross-claim, and that it meets the appropriate tests for ancillary jurisdiction.

It must be emphasized at this point that the plaintiff's action was dismissed only because of the intervening death of the plaintiff; it was not dismissed for lack of subject matter jurisdiction, or for lack of jurisdiction over the parties. The surety now seeks to recover its costs and fees from the individual defendants by way of cross-claim, and the question before the court is whether the court loses jurisdiction over this part of the action when the principal claim has been dismissed. For the reasons stated in this memorandum, the court is of the opinion that all of the jurisdictional requirements have been met, and that the cross-claim should not be dismissed.

■■■ Rule 13(g), Fed.R.Civ.P., provides that a party may assert a cross-claim against a co-party

arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.

The policy behind this rule is the same as that behind the assertion of counterclaims: the avoidance of multiple suits and the determination of the entire controversy in one action. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1431 (1971). In order to effectuate this policy properly, it is generally held that cross-claims fall within the ancillary jurisdiction of the court, and independent jurisdictional grounds need not be asserted. *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *Childress v. Cook*, 245 F.2d 798 (5th Cir. 1957). The doctrine of

ancillary jurisdiction is a limited exception to the general rule that the jurisdiction of federal courts derives only from the Constitution or from the statutes. When the court "is presented with issues or parties so closely related to a matter over which it has jurisdiction," then the interests of justice and judicial economy require that such issues be heard or that such parties be joined. *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800, 802 (5th Cir. 1974). The language of Rule 13 itself states the necessary requirement for ancillary jurisdiction to be invoked. The cross-claim must "arise" out of the transaction or occurrence that is the subject matter of the original action, or it must relate to the property involved in the original action. Federal courts have employed various tests to meet this requirement, but regardless of the language used, it is clear that the cross-claim must be so closely related to the original claim that justice requires it to be heard in the same action. As the Fifth Circuit has stated:

It appears that a claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as an original claim in two senses: (1) that the same aggregate of operative facts serves as a basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests actuates additional legal rights in a party defendant that would otherwise remain dormant.

*Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir. 1970). The action sub judice presents the court with a claim which is similar to the second of these factors. The only part of the action which is left for the court to decide is whether the cross-defendants are liable to the cross-claimant for the expenses and fees which it incurred in this action. Based on the plaintiff's amended complaint, it is obvious that part of the subject matter of the original action was the public official bonds written by USF&G for Thomas D. Cook and the other individual defendants. The plaintiff alleged that the surety was

liable to him, since the public employees had breached the conditions of their bonds. The cross-claim by USF&G was one for indemnity, asking that the individual defendants be held liable to the surety for any amount which the surety would be required to pay the plaintiff. It should be obvious that this claim for indemnification bears a logical relationship to the operative facts of the original claim to invoke the ancillary jurisdiction of this court. Furthermore, any claim for fees and expenses which the surety may have is an "additional legal right" which is activated by the operative facts of the original claim. *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., supra.*

Once jurisdiction over the cross-claim has been established, the remaining question is whether that ancillary jurisdiction is destroyed by the dismissal of the original action. Judicial authority is clear, and this court so holds, that the cross-claim may still be heard, even though the original action is no longer before the court. As stated by the First Circuit in *Atlantic Corp. v. United States*, 311 F.2d 907, 911 (1st Cir. 1962), "jurisdiction which has once attached is not lost by subsequent events." In that case, the original action was settled, and the only remaining issue was the surety's cross-claim. Despite the fact that all of the parties to the cross-claim were citizens of the same state, the court held that the termination of the original action did not affect its ancillary jurisdiction over the cross-claim. To hold otherwise would defeat the purpose of both the doctrine of ancillary jurisdiction and the language of Rule 13: to make a complete determination of all logically related issues in a single action. *See also, Fairview Park Excavating Co. v. Al Monzo Const. Co.*, 560 F.2d 1122 (3rd Cir. 1977), in which the court stated that a contrary holding would require that the cross-claim be resolved prior to the plaintiff's action, or else be subject to dismissal along with the original claim. The court does not believe that such a policy would be consistent with the construction of the Rules "to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R.Civ.P. *See also, Aetna Ins.*

*Co. v. Newton*, 398 F.2d 729 (3rd Cir. 1968); *Barker v. Louisiana & Arkansas Ry. Co.*, 57 F.R.D. 489 (W.D.La.1972). Therefore, the fact that the amount of the cross-claim is for less than $10,000, or that the claim is otherwise lacking in independent jurisdictional grounds, will not destroy the ancillary jurisdiction of this court, even though the plaintiff's claim has been dismissed. The motion by the cross-defendants to dismiss the cross-claim should be denied and an order will be entered accordingly.