**A.L. WILLIAMS CORPORATION, Plaintiff,**

v.

**Norman Tee FAIRCLOTH, Defendant; and**

**Arthur L. Williams, Jr. and such other officers, directors and agents of A.L. Williams Corporation who directed, approved, acquiesced in, and/or ratified the filing of Civil Action File No. C85–1677A, seeking rescission of Faircloth's 1981 stock purchase, Additional Counter-claim Defendants.**

C–85–1677A.

United States District Court, N.D. Georgia, Atlanta Division.

March 19, 1987.

Nickolas P. Chilivis, Gary Gage Grindler, Chilivis & Grindler, Atlanta, Ga., for A.L. Williams Corp., plaintiff.

Thomas J. Gallo, Harkleroad & Hardy, Atlanta, Ga., for Norman Tee Faircloth, defendant.

Thomas J. Gallo, Harkleroad & Hardy, Irwin W. Stolz, Jr., Gambrell, Clarke Anderson & Stolz, Atlanta, Ga., for Arthur L. Williams, Jr., defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on two motions: (1) plaintiff's motion for partial dismissal, Fed.R.Civ.P. 41(a)(2), or, alternatively, for leave to amend its complaint, Fed.R.Civ.P. 15(a); and (2) defendant's motion for reconsideration or, alternatively, for leave to file an amended counterclaim, Fed.R.Civ.P. 15(a). Both motions are opposed.

### 1. *Background*

The factual background of this action was set out in detail in the court's December 27, 1985, order that denied defendant's

1. The court does not know whether that lawsuit is still pending.

motion to dismiss and granted defendant's motion to release proceeds from the court's registry. In brief, plaintiff A.L. Williams Corporation ("Williams") brought this action alleging that defendant Norman Tee Faircloth ("Faircloth") fraudulently induced Williams to sell him 64,200 shares of A.L. Williams common stock in a private sale on May 18, 1981. Plaintiff sought equitable rescission of the sale and monetary damages under several theories, including section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5; section 29(b) of the 1934 Act, 15 U.S.C. § 78cc(b); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; and the statutes and common law of Georgia.

On March 25, 1986, the court held that plaintiff's complaint failed to state a claim for rescission. Order of March 25, 1986, at 7. Although the court declined to dismiss the other counts in the complaint, *see* Orders of December 27, 1985, and March 25, 1986, the court expressed skepticism as to whether plaintiff could recover under the theories it asserts in its complaint. Order of March 25, 1986, at 12–13. Additionally, the court implicitly questioned plaintiff's motivations for filing this lawsuit:

> While the court would not by any means wish to condone the use of fraudulent representations during the course of a stock purchase, the court is nonetheless skeptical of plaintiff's reaction to this allegedly fraudulent transaction.

*Id.* at 13.

Defendant Faircloth filed an answer and counterclaim on May 9, 1986. In his counterclaim, Faircloth alleged that Williams brought its claims for rescission maliciously and without probable cause with the improper purpose "of financially pressuring Faircloth to dismiss or settle for inadequate value" a state court action that Faircloth had pending against Williams.[1] Counterclaim, ¶ 12. The court dismissed both counts[2] of Faircloth's counterclaim on

2. Faircloth's counterclaim originally contained four counts. Faircloth filed an amended coun-

October 8, 1986. The court held that the count alleging malicious abuse of process failed to state a claim but that Faircloth could "bring a separate action for malicious *use* of process should this action be terminated in his favor." Order of October 8, 1986, at 3 (emphasis in original).[3] The court also dismissed the count alleging breach of fiduciary duty because it was a permissive counterclaim over which the court lacked pendent jurisdiction.

Faircloth now seeks reconsideration of the October 8 order. Alternatively, Faircloth requests that the court grant him leave to amend his counterclaim. Williams, which opposes Faircloth's motion, has filed a motion for voluntary dismissal of the federal but not the state law counts of its complaint. Faircloth opposes the granting of Williams' motion unless certain conditions are attached. The court will address each motion separately.

### 2. *Motion to Reconsider or for Leave to Amend*

Defendant Faircloth's motion for reconsideration is based on *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986), in which the Georgia Supreme Court created the new tort of abusive litigation and held that the tort must be asserted as a compulsory counterclaim. Faircloth argues that his dismissed counterclaim properly stated, or that his proposed amended counterclaim states, a claim for abusive litigation. Williams makes several arguments in response; its most persuasive one is that Faircloth's proposed *Yost* claim is a permissive counterclaim over which the court lacks jurisdiction.[4] Thus, if the court accepts Williams' argument, Faircloth's request for reconsideration should be denied and Faircloth's proposed amended counterclaim should be rejected as futile. *See*

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Faircloth's proposed counterclaim appears to allege the necessary elements of a *Yost* claim. The court in *Yost* stated:

Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby.

*Yost*, 256 Ga. at 96, 344 S.E.2d at 417. Paragraph 12 of Faircloth's proposed counterclaim in large part tracks the quoted language and describes four incidents that purportedly demonstrate that Williams committed the tort of abusive litigation by filing its claim for rescission.[5] The court is willing to assume that Faircloth's proposed counterclaim alleges the necessary elements of a *Yost* claim.

The court next must decide whether Faircloth's *Yost* counterclaim is compulsory or permissive. If it is permissive, then the court lacks jurisdiction over it, and Faircloth's additional proposed claim for breach of fiduciary duty also must be rejected. *See* Order of October 8, 1986.

The Georgia Supreme Court held that a *Yost* claim "must be pleaded as a compulsory counterclaim or compulsory additional claim pursuant to OCGA § 9-11-13(a)."

---

terclaim on July 1, 1986, which deleted counts III and IV.

**3.** The court did not address the effect on Faircloth's ability to state a claim under *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986). The court addresses this issue below.

**4.** Williams' fallback arguments include, *inter alia*, that *Yost* should not be applied to conduct

occurring before *Yost* was decided and that *Yost* does not permit recovery of attorney's fees, costs, or punitive damages.

**5.** It is not clear from the proposed counterclaim whether Faircloth contends that the filing of the claims that do not seek rescission also constituted abusive litigation.

*Yost,* 256 Ga. at 96, 344 S.E.2d at 418. Neither party disputes that this mandate must be followed in Georgia state courts, but Williams contends that Faircloth's proposed *Yost* claim is a permissive counterclaim in federal courts. Thus, Williams asserts, Faircloth's proposed counterclaim is futile because this court lacks jurisdiction over it. The court finds Williams' argument persuasive.

■ In this action, jurisdiction over plaintiff's claim is based on a federal question, and there is no diversity of citizenship between the parties. Thus, unless the proposed counterclaim is compulsory and therefore ancillary to the main claim, the court cannot entertain it unless it also involves a federal question. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1414, at 75–76 (1971). Although the Georgia Supreme Court has designated *Yost* claims as compulsory, the court believes that this determination is not controlling in federal courts. *See* 3 J. Moore, *Moore's Federal Practice* ¶ 13.15[1], at 13–104 (2d ed. 1985) ("Jurisdiction of the federal court to entertain a compulsory counterclaim after removal from the state is determined by federal and not by state law.").

In determining whether *Yost* claims are compulsory, Rule 13(a) provides the governing standard. *See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *but see Weems v. McCloud,* 619 F.2d 1081, 1094 (5th Cir.1980) (upholding district court's refusal to hear counterclaims that were compulsory under Rule 13(a)). Rule 13(a) provides, in part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim....* [Emphasis added.]

In its October 8 order, the court dismissed count I of Faircloth's counterclaim (breach of fiduciary duty) because the court found it to be permissive, i.e., it did not arise out of the transaction or occurrence that is the subject matter of plaintiff's claim. The court wrote:

Although adjudication of defendant's counterclaim will involve determining some of the same facts as would adjudication of plaintiff's claim, the operative facts that plaintiff will seek to establish do not give rise to defendant's legal rights,....

Order of October 8, 1986, at 6; *see Revere Copper & Brass Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir.1970) (permissive counterclaim requires independent ground of federal jurisdiction since it does not arise out of same transaction or occurrence as original claim).

■ The language quoted from the October 8 order applies equally to Faircloth's proposed counterclaim based on *Yost.* As with Faircloth's breach of fiduciary claim, his proposed *Yost* claim focuses on Williams' knowledge at the time it filed suit. Although a finding that Faircloth made no misrepresentation to Williams in 1981 would be some evidence of Williams' lack of good faith in seeking rescission in 1985, Williams' failure to establish any misrepresentation would not give rise to Faircloth's legal rights (his *Yost* claim). Therefore, the court will deny Faircloth's motion for reconsideration and will deny leave to amend its counterclaim.

### 3. *Williams' Motion for Partial Dismissal*

Williams seeks to dismiss the remaining federal counts [6] but not the state law counts of its complaint. Defendant Faircloth argues that William's motion to dismiss should be granted only if three conditions are attached: (1) that dismissal is with prejudice, (2) that Faircloth is awarded costs and attorney's fees incurred in defending the federal law counts, and (3) that the court will not decline to exercise jurisdiction over his counterclaim after Williams' federal law counts are dismissed. Williams replies (1) that dismissal should be

---

6. Williams' rescission claim was dismissed by the court's March 25, 1986, order. The effect of that order was to dismiss counts II and V. The court-ordered sale of Faircloth's shares held by the court apparently renders moot count IV.

with prejudice *only* as to its federal law securities counts and (2) that no exceptional circumstances justify an award of costs or attorney's fees. Williams does not object to Faircloth's third condition so long as the court possesses ancillary jurisdiction over the counterclaim prior to dismissal of Williams' federal law counts. The court need not address Faircloth's proposed third condition of dismissal because the court already has decided that it lacks jurisdiction over Faircloth's proposed counterclaim.

■ The court believes that the first and second conditions proposed by Faircloth—dismissal with prejudice and award of attorney's fees—are too harsh. Rather, the court will dismiss the federal claims [7] without prejudice but condition refiling of those claims on payment to Faircloth of reasonable attorney's fees incurred in this action in defending those claims. Additionally, the court will award costs [8] to Faircloth because his position is similar to that of a "prevailing party." *See* Fed.R.Civ.P. 54(d); *see also* Fed.R.Civ.P. 41(a)(2) (the court may grant voluntary dismissal "upon such terms and conditions as the court deems proper").

■ One additional point regarding costs must be addressed. In its reply brief, Williams asserts that "[t]he rule is clear that even where the plaintiff is granted a voluntary dismissal with prejudice, . . . costs and fees are to be awarded to the defendant only in *exceptional* circumstances." Plaintiff's Reply to Defendant's Opposition to the Motion for Partial Dismissal, p. 4 (citations omitted) (emphasis in original). Because dismissal is with prejudice only as to Williams' federal securities law claims, this dismissal should not be

characterized as "with prejudice." Moreover, Williams consents to dismissal with prejudice of his securities claims because of doubts as to the merits of those claims. Williams recognizes that the claims may be barred by a recent Eleventh Circuit decision that held that the Georgia two-year statute of limitations applies to securities claims such as those asserted by Williams. *Friedlander v. Troutman, Sanders, Lockerman & Ashmore*, 788 F.2d 1500 (11th Cir.1986).[9] Thus, Faircloth's position in regard to Williams' securities claims is similar to that of a prevailing party. Hence, the court's award of costs will include those arising from Williams' securities claims.

### 4. Plaintiff's State Law Claims

■ The state law and federal law claims asserted by plaintiff Williams derive from a common nucleus of operative fact and, thus, the court has pendent jurisdiction over the state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed. 2d 218 (1966). Because the federal claims are being dismissed before trial, however, the court believes it should not retain the state law claims.[10] *See id.* at 726, 86 S.Ct. at 1139. Thus, Williams' state law claims will be dismissed without prejudice.

Accordingly, defendant Faircloth's motion for reconsideration or, alternatively, for leave to amend is DENIED. Plaintiff Williams' motion for partial dismissal is GRANTED. Plaintiff's federal law securities claims are DISMISSED with prejudice. Plaintiff's other federal law claims are DISMISSED without prejudice. Plaintiff is ENJOINED from refiling those federal law claims hereby dismissed without prejudice unless Plaintiff first pays to defendant rea-

---

**7.** Williams does not oppose dismissal with prejudice of its federal securities law claims. *See* Plaintiff's Reply to Defendant's Opposition to the Motion for Partial Dismissal, p. 2. Thus, dismissal of these claims will be with prejudice.

**8.** This award will include all taxable costs that Faircloth has incurred in defending this action because the court also will dismiss Williams' pendent state law claims.

**9.** In fact, the decision in *Friedlander* is the reason that Williams filed its motion to dismiss. *See* Plaintiff's Motion for Partial Dismissal Pursuant to Rule 41(a), etc., p. 3 ("doubts as to the timeliness of the federal securities claims are sufficient in plaintiff's view to warrant a Rule 41(a) dismissal of those claims").

**10.** Moreover, in its motion for voluntary dismissal Williams does not request that the court retain jurisdiction over its state law claims.

sonable attorney's fees incurred in this action in defending those claims. Defendant Faircloth's counsel is DIRECTED, therefore, to file within twenty (20) days of entry of this order affidavits and documentation outlining the precise time spent, the nature of the work done, and attorney's fees he has billed for defending against plaintiff's federal claims hereby dismissed without prejudice. Thereafter, plaintiff will have ten (10) days to file written objections. The clerk is DIRECTED to resubmit this action after the time has expired for plaintiff to file its objections. The court will then supplement this order to state the amount of attorney's fees plaintiff must pay as a condition to refiling its federal law claims dismissed without prejudice. Plaintiff's remaining claims (the pendent state law claims) also are DISMISSED without prejudice.

Defendant is hereby awarded its costs.