**KEYSTONE METAL MOLDING COMPANY, INC., a Michigan Corporation, Plaintiff,**

v.

**R & W METALS COMPANY, a Georgia Corporation, W. R. G. Inc., an Ohio Corporation, Alvin A. Goldstein, Carl Rausch, James Kovacs, Richard Wylie, Michael Hall, John Doe, and XYZ Corporation, Jointly and Severally, Defendants.**

Civ. A. No. C78–543A.

United States District Court, N. D. Georgia, Atlanta Division.

March 27, 1980.

---

**814**

John R. Nicholson and Gene J. Esshaki, Abbott, Nicholson, Quilter & Esshaki, Detroit, Mich., Randall L. Hughes and Law Offices of Edwin Marger, Ellwood F. Oakley, III, Atlanta, Ga., for plaintiff.

Robert O. Davies and Law Offices of Edwin Marger, J. Timothy Lawler, Atlanta, Ga., for defendants.

## ORDER

ORINDA DALE EVANS, District Judge.

This action alleging a civil conspiracy to commit fraud by the corporate and individual Defendants is now before the Court on Defendants R & W Metals' and Wylie's Motion for Reconsideration of this Court's Order of December 5, 1979 in which the Court dismissed the Counterclaims of these two Defendants.

In support of their Motion for Reconsideration, said Defendants urge that the counterclaims which were dismissed (R & W Metals' Second Counterclaim and Wylie's First Counterclaim, which are identical) state claims for civil conspiracy to interfere with Defendants' business. The factual essence of these counterclaims, to the extent relevant here,[1] is that respondent Keystone caused the FBI to undertake criminal investigation of R & W and its officers and employees. The subject counterclaims do not allege that Keystone gave false information to the FBI, or that Keystone lacked belief that a crime had been committed; however, it is alleged that Keystone's motivation in causing the investiga-

---

1. Paragraph 6 of the Counterclaims alleges that the instant civil action was brought for the improper purpose of "destruction of R & W Metals, Inc. as a competitive entity". This paragraph of the Counterclaims does not appear to be included in the Motion for Reconsideration.

tion to be instigated was to harm R & W, a competitor of Keystone's. The counterclaims further allege that the FBI's investigation, which included confiscation of R & W's business records, disrupted its business and damaged its reputation.

In the Court's opinion, the counterclaims do not set forth a cause of action for wrongful interference with business. The Court does not interpret the cases cited by Defendants in their brief, principally *NAACP v. Overstreet*, 221 Ga. 16, 142 S.E.2d 816 (1965) to hold that malice plus injury constitutes a cause of action. Rather, an independent wrongful act is required, as well as injury.

Causing an FBI investigation to be instigated is not wrongful per se, even if same is motivated by ill will. In order to determine under what circumstances it would be actionable, one must look to the appropriate substantive law area, in this case that of malicious prosecution and malicious abuse of process. Since an essential element of a cause of action for malicious prosecution (also known as malicious use of process) is lack of probable cause, *Ellis v. Knowles*, 90 Ga.App. 40, 81 S.E.2d 884 (1954), and lack of probable cause cannot be inferred from malice, *American Plan Corp. v. Beckham*, 125 Ga.App. 416, 188 S.E.2d 151 (1972), the Counterclaims' failure to allege lack of probable cause or its equivalent renders deficient their attempt to claim wrongful interference with business.[2]

For the foregoing reasons, the Motion for Reconsideration of Defendants R & W Metals Company and Richard Wylie is hereby DENIED.

Said Defendants have requested that the Court's Order dismissing their counterclaims be made final, or alternatively, that said Order be certified for interlocutory appeal. Defendants argue that the counterclaims and the main complaint are "inextricably intertwined". The Court's examination of the pleadings indicates that such claims are not inextricably intertwined, although there is a factual nexus between certain counts of the Complaint and the subject counterclaims, in the sense that the alleged transaction underlying the Complaint was the same transaction which caused Plaintiff to instigate the FBI investigation, which thereby caused Defendants to assert the subject counterclaims. Given this circumstance, and taking into account the unresolved status of the criminal matter, the Court declines to make its Order final pursuant to Rule 54(b) and further declines to certify it for immediate interlocutory appeal pursuant to the provisions of 28 U.S.C. § 1292(b).

In summary, the Motion for Reconsideration of Defendants R & W Metals Company and Richard T. Wylie is hereby DENIED; further, said Defendants' request that said Order be made final or certified for immediate appeal is also DENIED.

---

**2.** As stated in the Court's December 5, 1979 Order, the claim for malicious abuse of process based on respondents' demand for payment of December 20, 1977 is not actionable because the only "process" involved issued thereafter.