CONCERNED MEMBERS OF INTER-
MOUNTAIN RURAL ELECTRIC AS-
SOCIATION, an unincorporated associ-
ation, Harvey Kugler, Russell Daughen-
baugh, Burt Miller, Tom Evans, F.C.
Ware and Valerie Heyns, Petitioners,

v.

DISTRICT COURT, COUNTY OF JEF-
FERSON, State of Colorado, and the
Honorable Winston W. Wolvington, one
of the Judges thereof, Respondents.

No. 85SA244.

Supreme Court of Colorado,
En Banc.

Feb. 10, 1986.

Kirkland & Ellis, Bruce A. Featherstone,
Scott R. Bauer, Laurie M. Hawley, Kevin
M. O'Brien, Denver, for petitioners.

Banta, Hoyt, Banta, Greene, Hannen &
Everall, Richard D. Greene, Edward A.
Gleason, Englewood, Sampson & Associ-
ates, Carolyn L. Sampson, Golden, for re-
spondents.

George W. Pring, Denver, for amici curi-
ae, The American Civil Liberties Union of
Colorado, The League of Women Voters of
Colorado, Colorado Common Cause.

PER CURIAM.

We issued a rule to show cause why the
District Court of Jefferson County should
not be required to resolve a motion for
summary judgment under the standards
set forth in our decision in *Protect Our
Mountain Environment, Inc. v. District
Court, (POME )*, 677 P.2d 1361 (Colo.1984).
We now make that rule absolute and direct
the district court to decide the motion in
accordance with the *POME* standards.

On July 25, 1984, the petitioners, members of the cooperative Intermountain Rural Electric Association ("I.R.E.A."), brought an action pursuant to C.R.C.P. 106 seeking to compel I.R.E.A. to hold a recall election of four of the cooperative's directors. The petitioners released information about the complaint to two local newspapers. I.R.E.A. brought a counterclaim, alleging that the petitioners' complaint was unfounded, and that the filing of the complaint in combination with the release of information to the newspapers constituted abuse of process and libel per se. The petitioners' motion to dismiss the counterclaim was denied. The petitioners thereafter moved for summary judgment on the counterclaim, alleging that the counterclaim abridged their right under the First Amendment to the United States Constitution "to petition the government for a redress of grievances." U.S. Const. amend. I. They argued that our decision in *POME* was controlling and mandated the entry of summary judgment in their favor. The district court denied the motion without holding a hearing and without providing any reason whatever for its ruling. The petitioners thereafter filed this original proceeding under C.A.R. 21.

■ In *POME*, we addressed the competing concerns underlying the present controversy—on the one hand, the constitutional rights of citizens to utilize the administrative and legal processes of government for the redress of legal grievances without the fear of retaliatory litigation and, on the other, the interests of persons truly aggrieved by the abuse of these processes in vindicating their own legal rights. We stated that these concerns could best be accommodated by requiring the party suing for abuse of process, here the counterclaiming party, to demonstrate the constitutional viability of the claim when confronted with a motion to dismiss based on the First Amendment right to petition the government for the redress of grievances. We held that, in such a situation, the court should give the parties a reasonable opportunity to present all material pertinent to the motion and should treat the motion as

one for summary judgment to be resolved under a "heightened standard." *POME*, 677 P.2d at 1369. This standard places the burden on the party asserting the abuse of process claim to make a sufficient showing to allow the trial court to reasonably conclude that the petitioning activities on the part of the party being sued for abuse of process were not immunized from liability by the First Amendment because: (1) those activities are devoid of factual support or, if supportable in fact, have no cognizable basis in law; (2) the primary purpose of the petitioning activities is to harass the other party or to effectuate some other improper objective; and (3) those petitioning activities have the capacity to have an adverse effect on a legal interest of the other party. *POME*, 677 P.2d at 1368–69. Our decision in *POME* requires I.R.E.A. to make a showing sufficient to permit the district court to reasonably conclude that the petitioning activities in question were not constitutionally immunized from liability pursuant to the three-part test outlined above. In the absence of such a showing, the petitioners' motion for summary judgment should be granted on I.R.E.A.'s claim of abuse of process.

■ We believe that the concerns that led us to adopt the *POME* standards in the abuse of process context also apply to I.R.E.A.'s claim for libel and require that it be scrutinized under a heightened standard as well. We conclude, therefore, that I.R.E.A. must make a showing sufficient to permit the court to reasonably conclude that the C.R.C.P. 106 complaint, along with any other related information released by the petitioners to the media, was a defamatory publication that was made with actual malice—that is, with knowledge that the allegations in the complaint were false or were made with reckless disregard of whether they were false. *See McDonald v. Smith*, 472 U.S. ——, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). In the absence of such a showing, the petitioners' motion for summary judgment should be granted on I.R.E.A.'s claim of libel.

We accordingly make the rule to show cause absolute and direct the district court to reconsider the motion for summary judgment in light of the standards outlined above.