**MAJIK MARKET, A DIVISION OF MUNFORD, INC.**

v.

**Gary L. BEST, et al.**

**Civ. No. C–86–1115–A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 19, 1987.

Deborah Ebel, Atlanta, Ga., for plaintiff.

Steven L. Polk, Atlanta, Ga., for defendants.

## ORDER

O'KELLEY, Chief Judge.

On May 20, 1986, plaintiff Majik Market, a division of Munford, Inc., filed suit against Gary L. Best, Vista Distribution U.S.A., Inc., and Vista Group U.S.A., Inc. (collectively hereinafter referred to as the defendants) alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO). Included in the complaint were pendent state claims for breach of contract and fraud. By order of February 5, 1987, this court allowed all defendants to assert counterclaims through an amended answer for abusive litigation as defined by *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986), interference with business and contractual relations, and libel and slander. Defendant Gary L. Best also counterclaimed for intentional infliction of emotional distress. Defendant Best and defendant Vista Distribution U.S.A., Inc. asserted counterclaims for breach of contract.

On February 27, 1987, plaintiff filed two motions with this court: (1) a motion to dismiss its RICO claim with prejudice and its pendent state claims without prejudice pursuant to Fed.R.Civ.P. 41(a)(2); and (2) a motion to dismiss all of the defendants' counterclaims, except the counterclaims for breach of contract, pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

 The court will first address an issue not raised originally by either party in this motion. That issue is whether this court has proper subject matter jurisdiction over defendants' counterclaims. It is well settled that lack of subject matter jurisdiction can be raised by either the parties or the court at any time. Fed.R.Civ.P. 12(h)(3). When jurisdiction over the plaintiff's claims arise from the presence of a federal question, a permissive counterclaim, which by definition does not arise out of the same transaction or occurrence as the original claim, must independently meet the federal court jurisdictional requirements. *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1359 (5th Cir.1979); *Morgan v. Westinghouse Electric Corp.*, 579 F.Supp. 867, 870 (N.D.Ga. 1984), *affirmed*, 752 F.2d 648 (11th Cir. 1985). Fed.R.Civ.P. 13. In this case, there is not diversity of citizenship between the parties; therefore, if any of defendants' state law counterclaims are found to be permissive, this court would lack subject matter jurisdiction to decide the counterclaim.

Federal Rule of Civil Procedure 13(a) provides the governing standard for determining whether a counterclaim is compulsory. That rule provides:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader had against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...*

Fed.R.Civ.P. 13(a) (emphasis added).

 In determining whether a counterclaim is compulsory, the Supreme Court has emphasized that the word "transaction" may include a series of occurrences that are "logically related." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed.2d 750 (1926). This logical relationship between the main federal claim and the state claim arises (1) when the same aggregate or operative facts serves as the basis for both claims; or (2) the case facts supporting the original claim activates legal rights of the defendant that would otherwise remain dormant. *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1119 (11th Cir.1983) (citing *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir.1970)).

Professors Wright and Miller suggest a more specific test for determining whether a counterclaim is permissive or compulsory, which has been adopted by many federal

courts including courts of this circuit. That test requires the court to make the following four inquiries: (1) Are the issues of fact and law raised by the claim and the counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendants' counterclaims? and (4) Is there any logical relation between the claim and the counterclaim? 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1410 (1971); *Plant v. Blazer Financial Services,* 598 F.2d 1357, 1360 (5th Cir.1979); *United States v. Chatham,* 415 F.Supp. 1214, 1217 (N.D.Ga.1976).

First the court will determine whether defendants' *Yost* counterclaim is compulsory or permissive. At least one other judge in this district has held that such a counterclaim, although designated as a compulsory counterclaim by the Georgia Supreme Court, is a permissive counterclaim in federal court. *A.L. Williams Corp. v. Faircloth,* 120 F.R.D. 135, 138 (N.D.Ga.1987).

█ Applying the tests outlined above to defendants' *Yost* claim, the court notes that the elements of a *Yost* claim are that the party against whom the claim is brought, must either assert a claim, defense, or other position for which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position, or a party unnecessarily expands the proceeding by improper conduct, including, but not limited to, abuses of discovery procedures. *Yost v. Torok,* 256 Ga. 92, 96, 344 S.E.2d 414, 417 (1986). It appears that defendants have pled the necessary elements for a *Yost* claim.

Defendants' basis for their *Yost* claim is solely plaintiff's filing of a RICO claim in this court. In plaintiff's complaint it asserts that defendants violated 18 U.S.C. §§ 1962(a) and (c). Those code sections provide:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity, or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern of racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

(c) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate commerce or foreign commerce.

In order to prove their *Yost* claim, defendants must show that plaintiff knew or should have known at the time it brought the RICO claim against defendants that the claim had no merit. Although plaintiff's inability to prove its RICO claim against defendants would offer some evidence that the RICO claim was baseless and that the plaintiff had an ulterior motive for filing the RICO claim, such a showing would not be conclusive of defendants' *Yost* claim. For this reason, the claim does not meet the *Eagerton* test. The court also cannot answer the first three questions of the Wright and Miller test affirmatively.

With regard to the last question of the Wright and Miller test, arguably there is a

logical relationship between the claim and the counterclaim, since the counterclaim stems from the filing of the RICO claim. The court finds, however, that a relationship regarding proof of the claims so that all claims arising from the same facts can be decided in one trial is the type of "logical relationship" required by this test. For these reasons, the court finds that defendants' *Yost* counterclaim is a permissive claim within the meaning of Federal Rule of Civil Procedure 13. *See A.L. Williams Corp. v. Faircloth*, 120 F.R.D. 135 (N.D. Ga.1987); *Anderson v. Central Point School District Number 6*, 554 F.Supp. 600 (D.Or.1982); *North Carolina Electric Membership Corp. v. Carolina Power & Light Co.*, 85 F.R.D. 249 (M.D.N.C.1979), *rev'd on other grounds*, 666 F.2d 50 (4th Cir.1981); *but see, Hospital Building Co. v. Trustees of Rex Hospital*, 86 F.R.D. 694 (E.D.N.C.1980). For this reason, the court is without jurisdiction to decide defendants' *Yost* counterclaim and it is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The court notes that the Georgia Supreme Court probably intended for *Yost* counterclaims to be brought only in Georgia courts. Although the language of the case does not limit the newly created counterclaim to only the courts in Georgia, in defining the cause of action, the court "adopt[ed] the legislative language of new O.C.G.A. § 9–15–14." *Yost*, 256 Ga. at 95, 344 S.E.2d at 417. That statute is limited to courts of record of the State of Georgia. Arguably, *Yost* claims are also so limited. Such a limitation would avoid any possible conflict with Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Using rule 11, federal courts can provide *any* appropriate sanction for abusive litigation. That rule is sufficient to provide sanctions for bringing frivolous federal law claims in federal court.

The court will next consider whether it has jurisdiction over defendants' counterclaim for interference with business and contractual relations. Defendants' claim as to this tort stems from a belief that plaintiff, by and through its agents and employees, informed other persons with whom Best has contractual or business relations that it has sued the defendants for violations of the RICO Act. Clearly this tort does not stem from the same transaction or occurrences that gave rise to any RICO claim the plaintiff might have against the defendant. All proof as to this claim would necessarily concern malicious action by plaintiff to interfere with defendants' ongoing contractual relations with others after plaintiff filed suit. *See Aetna Life Insurance Co. v. Harley*, 365 F.Supp. 1210 (N.D.Ga.1973); O.C.G.A. § 51–9–1 (1982). Since both the legal issues and factual evidence of the two claims are different, defendants' counterclaim for interference with contractual relations is not a compulsory counterclaim. Accordingly, this counterclaim is dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

Defendants also assert a counterclaim for libel and slander. Defendants contend that by filing the complaint, primarily the RICO count, plaintiff libeled defendants. O.C.G.A. § 51–5–1 (1982). Defendants further contend that plaintiff through its employees and agents, slandered the defendants by informing third parties of the RICO allegations contained in the complaint. O.C.G.A. § 51–5–4. In this counterclaim as well, both the factual evidence and legal issues concerning the counterclaim are different than the factual evidence and legal issues involved in plaintiff's RICO claim. Thus, this counterclaim is also permissive and the court is without jurisdiction to hear the claim.

The individual defendant, Gary L. Best, has counterclaimed for intentional infliction of emotional distress. "To recover for emotional distress in Georgia, it must be demonstrated that defendant committed a 'wanton, voluntary, or intentional wrong, the natural result of which is the causation of mental suffering....'" *Pierson v. News Group Publications, Inc.*, 549 F.Supp. 635, 643 (S.D.Ga.1982) (quoting *Whitmire v. Woodbury*, 154 Ga.App. 159, 267 S.E.2d 783, *rev'd on other grounds*, 246 Ga. 349, 271 S.E.2d 491 (1980)). Defendant Best contends this claim arises from plaintiff's filing of the complaint containing a RICO claim. This claim also

must be found to be permissive for the same reasons as stated above.

Accordingly, this court lacks subject matter jurisdiction to decide any of defendants' counterclaims contained in plaintiff's rule 12(b)(6) motion to dismiss. Fed.R.Civ.P. 12(b)(1). Plaintiff's 12(b)(6) motions as to these counterclaims are denied as moot.

The court will now address plaintiff's motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss. That rule provides in pertinent part:

> (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Plaintiff seeks to dismiss its RICO claim with prejudice and its pendent claim for breach of contract and fraud without prejudice. The court will allow plaintiff's motion to dismiss upon the following condition. By the act of refiling either the breach of contract claim or fraud claim in state court, plaintiff agrees that all discovery conducted in this action while it was pending in federal court may be used by the parties in any state proceeding.

The only claims that remain in this case are the counterclaims of defendant Best and defendant Vista Distribution for breach of contract. Even if these claims can be considered compulsory and, therefore, within this court's ancillary jurisdiction, the court will exercise its discretion to dismiss this claim as well. It is well settled that federal courts should avoid needless decisions of state law, especially in cases such as this in which this state law claim would be the only claim before the court and the claim giving this court jurisdiction was dismissed well before trial. *United*

*Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Roper v. Edwards*, 815 F.2d 1474 (11th Cir.1987).

In summary, all of defendants' counterclaims, with the exception of the counterclaims for breach of contract, are dismissed for lack of subject matter jurisdiction. Plaintiff's motion to dismiss these counterclaims for failure to state a claim upon which relief can be granted is denied as moot. Plaintiff's motion to dismiss the RICO claim of its complaint with prejudice and the breach of contract and fraud claims of the complaint without prejudice is granted on the following condition: By the act of refiling either the breach of contract or fraud claim in state court, plaintiff agrees that all discovery conducted in this action while it was pending in federal court may be used in any state court proceeding as well. The court dismisses the remaining counterclaims of defendant Best and defendant Vista Distribution for breach of contract in order to avoid a needless state law decision by this court. There being no claims remaining to be decided by this court, this action is dismissed.