**CHROMATICS, INC., Plaintiff,**

v.

**TELEX COMPUTER PRODUCTS, INC., United Technologies Communications Company, Inc. United Technologies Corporation, Defendants.**

**Civ. A. No. 1:87–CV–1812–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 7, 1988.

James C. Gaulden, Jr., James F. Martin, Brent & Valianos, Atlanta, Ga., for plaintiff.

Ronald Louis Reid, Jennifer Ann Brown, Alston & Bird, Daryll Norman Love, Allen S.C. Willingham, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on (1) defendant Telex's motion to dismiss, Fed.R. Civ.P. 12(b)(1); (2) plaintiff's motion to extend discovery, Local Rule 225–1(b); (3) defendant Telex's request for oral argument, Local Rule 220–1(c); (4) defendant Telex's motion to compel discovery, Fed.R. Civ.P. 37(a); (5) defendant Telex's motion for protective order, Fed.R.Civ.P. 26(c); (6) plaintiff's motion to extend time to respond to defendant's motion to compel, Fed.R. Civ.P. 6(b); (7) plaintiff's motion to compel discovery and to extend discovery, Fed.R. Civ.P. 37(a); Local Rule 225–1(b); (8) defendant Telex's motion to extend time for filing its motion for summary judgment and the proposed consolidated pretrial order, Local Rules 220–5(c) and 235–4(a); and (9) defendant Telex's motion for leave to exceed page limitation. Case Instructions, ¶ 2. The court will address these motions *seriatim.*

1. In regard to this "buy-out agreement," defendant Telex states, "On or about January 3, 1986, Telex entered into an agreement with UTCC [United Technologies Communications Company, Inc.] (the 'buy-out agreement') to purchase the assets and business of UTCC. As part of the buy-out agreement, Telex assumed certain obli-

## I. DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR ORAL ARGUMENT.

Plaintiff's original complaint, comprised of four counts, was filed August 14, 1987. On October 8, 1987, with defendant Telex's consent, plaintiff amended its complaint to add an additional paragraph to each count. Each new paragraph provided in relevant part that "... defendant Telex is liable directly to plaintiff for said damages by virtue of defendant Telex's buy-out agreement [1] with [United Technologies Communications Company, Inc.]." On October 22, 1987, defendant Telex filed its amended answer to plaintiff's first amended complaint and thereby summarily denied the allegations of each new paragraph. As a consequence, plaintiff sought and obtained leave of court to amend its complaint to add United Technologies Communications, Inc. as a party defendant and to assert a fifth count against defendant Telex. This fifth count, which is the subject of defendant Telex's motion to dismiss, alleges plaintiff's entitlement to damages for abusive litigation arising from defendant Telex's amended answer. Specifically, it is asserted that "defendant Telex has (by each denial) asserted a defense or position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the defense or position." *Yost v. Torok,* 256 Ga. 92, 96, 344 S.E.2d 414 (1986). Without addressing the merits of this claim, defendant contends that dismissal is appropriate "because this court lacks subject matter jurisdiction." Brief at 4.

### A. *The Yost Claim and Federal Subject Matter Jurisdiction.*

In support of its motion to dismiss, defendant relies heavily upon recent decisions in this district construing the *Yost* claim.[2]

gations and liabilities of UTCC, including the customer contracts of UTCC." Brief in Support of Motion to Dismiss at 2.

2. Defendant cites only one case from outside the Northern District of Georgia.

The earliest of these decisions is *A.L. Williams Corp. v. Faircloth*, 120 F.R.D. 135 (N.D.Ga.1987) (Freeman, J.). In *A.L. Williams Corp.*, Judge Freeman declined to allow the defendant to amend his answer to assert a counterclaim for abusive litigation. In so doing, Judge Freeman (1) determined the defendant had alleged the necessary elements of a *Yost* claim; (2) found the proposed *Yost* claim to be permissive rather than compulsory; and (3) concluded that the proposed claim lacked an independent ground of federal jurisdiction. This decision was significant in that it was the first to construe a *Yost* counterclaim as permissive rather than compulsory despite the Georgia Supreme Court's holding that the claim "must be pleaded as a compulsory counterclaim or compulsory claim pursuant to O.C.G.A. § 9-11-13(a)." *Yost* 256 Ga. at 96, 344 S.E.2d 414. As Judge Freeman properly noted, the Georgia courts' determination on this point is not controlling in federal courts.

The next opinions in this district construing *Yost* in light of federal subject matter jurisdiction concerns were those of Chief Judge O'Kelley in *Majik Market v. Best*, 684 F.Supp. 1089 (N.D.Ga.1987) and *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints v. Associated Contractors, Inc.*, No. 86-2055, Slip Op. (N.D.Ga. June 19, 1987). In those cases, Judge O'Kelley conducted his own permissive/compulsory counterclaim analysis and ultimately reached the same conclusion as Judge Freeman; i.e., that the *Yost* claim is permissive in federal court and thus must possess its own jurisdictional basis. *Majik Market*, at 1091-92; *Corporation of the Presiding Bishop*, Slip Op. at 1-2. Though Judge O'Kelley determined that neither claimant demonstrated independent jurisdictional bases for their *Yost* claims, he went on to suggest that dismissal of these claims may have been appropriate for other reasons:

> The court notes that the Georgia Supreme Court probably intended for *Yost* counterclaims to be brought only in Georgia courts. Although the language of the case does not limit the newly created counterclaim to only the courts in Georgia, in defining the cause of action, the court "adopt[ed] the legislative language of new O.C.G.A. § 9-15-14." *Yost* [256 Ga.] at 95 [344 S.E.2d 414]. That statute is limited to courts of record of the State of Georgia. Arguably, *Yost* claims are also so limited. Such a limitation would avoid any possible conflict with Fed.R.Civ.P. 11 or 28 U.S.C. § 1927. Using Rule 11, federal courts can provide *any* appropriate sanction for abusive litigation. That rule is sufficient to provide sanctions for bringing frivolous claims in federal court whether the case is before the court pursuant to the court's diversity jurisdiction or before the court on federal question jurisdiction. (Emphasis in original).

*Majik Market*, at 1092. *Corporation of the Presiding Bishop*, Slip Op. at 2.

Though this latter observation did not control the outcome of the cases before Judge O'Kelley, it proved to be a basis for summary judgment against a *Yost* claimant in *Union Carbide Corp. v. Tarancon Corp.*, 682 F.Supp. 535 (N.D.Ga.1988) (Hall, J.). In *Union Carbide*, Judge Hall declined to engage in a permissive counterclaim/jurisdiction analysis and instead held that *Yost* claims "may not be brought in federal court but, rather, must be limited to actions brought in the state courts of Georgia." *Union Carbide* at 545. In making this determination, Judge Hall first noted that the *Yost* court adopted the legislative language of new O.C.G.A. § 9-15-14 which, as previously noted by Judge O'Kelley, is by its own terms confined to the state courts of Georgia. *Id.* Because of this, and based on what he found to be the apparent intention of the Georgia Supreme Court, Judge Hall declined to treat the *Yost* claim as a tort. "[T]he *Yost* claim, although labeled a 'tort' is arguably a 'procedural' device, rather than a 'substantive' cause of action, which the federal courts would not be subject to follow." *Id.* Specifically, Judge Hall concluded that the *Yost* court, in creating the "tort" of abusive litigation, was actually attempting to establish a procedural device in favor of

claimants who had no adequate remedy under § 9–15–14, which is limited to attorney's fees and litigation expenses. *Id.* Under this reasoning, the *Yost* claim would supplement a recovery under § 9–15–14 to allow a claimant to recover special damages for abusive litigation. Because Judge Hall found the *Federal Rules of Civil Procedure* "broad enough to cover these goals," he concluded that *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) did not "command the application of *Yost.*" *Id.* at 545–46.

The court agrees with the opinions discussed above to the extent that they have found the *Yost* claim to require its own basis for federal jurisdiction. This court believes, however, that the *Yost* claim is a state law tort no less available to a civil litigant in federal court than any other tort. As noted by plaintiff, "arguments that the *Yost* claim is a procedural device ignore the fact that it is but a re-shaping of common law substantive causes of action." Response at 4. Indeed, in fashioning the *Yost* claim, the Georgia Supreme Court expressly merged the common law torts of malicious use and malicious abuse—substantive causes of action previously cognizable in a federal court sitting in diversity[3]—thereby making those torts unavailable to civil litigants in state or federal court. Put another way, the *Yost* Court redefined the grounds of liability for conduct already proscribed by well-recognized torts. For federal courts sitting in this state to treat the *Yost* claim as a procedural device rather than as a tort would be to deny a claimant a remedy for damages available to him prior to the *Yost* decision. This court does not believe that the Georgia Supreme Court intended that result.

■ As alluded to above, the *Yost* claim is a tort creating a cause of action for abusive litigation resulting in "special damages other than attorney's fees and expenses of litigation." *Yost,* 256 Ga. at 95, 344 S.E.2d 414. Thus, the tort is only available to one who can demonstrate damages above and beyond those normally associated with litigation; e.g., "damages for mental distress." *Id.* This court has previously had occasion to view the sort of factual situation envisioned by the *Yost* Court in defining the tort of abusive litigation. In *ASI v. ITT,* No. 86–0044, Slip Op. (N.D.Ga. December 22, 1986) (Forrester, J.), a diversity action, the defendant creditor had acquired and perfected a security interest in approximately one-third of the inventory in the plaintiff debtor's possession. When the plaintiff became delinquent in its scheduled payments, the defendant opted to exercise its right under state law to repossess the secured collateral. Rather than limiting this procedure to inventory which it had financed, however, and despite available means of identifying the secured goods, the defendant obtained and executed a writ covering *all* inventory in the plaintiff's possession and thereby effectively put the plaintiff out of business. The court found that of the $2 million worth of inventory seized, the maximum dollar amount of that inventory to which the defendant had a colorable claim was $358,338.01. Slip Op. at 7. While the plaintiff obviously incurred damages normally associated with litigation, it also clearly suffered extensive damages over and beyond that amount which the court found to support its *Yost* claim. The sanctions provisions of the Federal Rules and 28 U.S.C. § 1927 obviously provided no remedy for the plaintiff in this instance and thus denying the plaintiff the remedy provided by the *Yost* Court for the defendant's alleged tortious use of the legal system clearly would have denied it a substantive right available to it in the state courts of

3. *See, e.g., Lambert v. McFarland,* 612 F.Supp. 1252 (N.D.Ga.1984) (Forrester, J.); *Cobb v. Georgia Power Company,* No. 82–200, Slip Op. (S.D.Ga. July 26, 1983) (Edenfield, J.); *Healthdyne, Inc. v. Clinical Data, Inc.,* 572 F.Supp. 291 (N.D.Ga.1983) (Shoob, J.); *Redman Industries, Inc. v. Tower Properties, Inc.,* 517 F.Supp. 144 (N.D.Ga.1981) (Hall, J.); *Keystone Metal Molding Company, Inc. v. R & W Metals Company,* 486 F.Supp. 813 (N.D.Ga.1980) (Evans, J.); *Bean and Son, Inc. v. Graphic Arts International Union,* 76 F.R.D. 602 (N.D.Ga.1977) (Murphy, J.); *Downey v. Nix,* No. 77–149, Slip Op. (N.D.Ga. April 20, 1977) (Freeman, J.) [available on WESTLAW, 1987 WL 13140].

Georgia and therefore would have violated the mandates of the Federal Rules Decision Act, 28 U.S.C. § 1652 and Supreme Court precedent. *See Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Company v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *Byrd v. Blue Ridge World Electric Co–Op., Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). While the court recognizes that the great majority of *Yost* claims in federal court are going to be asserted as counterclaims directed toward the allegations of the complaint and thus somewhat duplicative of the procedural remedies provided by federal law, this observation hardly justifies the refusal to exercise jurisdiction over a *Yost* claim in every instance. For these reasons, the court respectfully disagrees with the decisions reached by Judges O'Kelley and Hall and finds that the *Yost* claim for abusive litigation is a state law tort cognizable in federal court provided the usual requirements for subject matter jurisdiction are met.

### B. *Plaintiff's Yost Claim.*

■ Having concluded that the *Yost* claim is cognizable in federal court, the court turns its attention to the present claim for abusive litigation. In the case at bar, the abusive litigation alleged by plaintiff arises from defendant's denial of certain allegations of the first amended complaint. It is alleged that "by each such denial, defendant Telex unnecessarily expands this litigation" thereby entitling plaintiff "to special and general damages." Second Amended Complaint, ¶¶ 47–48. Though plaintiff has arguably alleged damages other than attorney's fees and costs of litigation in its *Yost* claim, taking plaintiff's Count Five as a whole, the court believes that the sanctions provision of Rule 11 provides the relief plaintiff is seeking. For this reason, the court will dismiss plaintiff's *Yost* claim without prejudice to refile should circumstances warrant. Similarly, plaintiff is free to file a properly supported motion for imposition of sanctions pursuant to Rule 11.

For the reasons set forth above, defendant's motion to dismiss is GRANTED. Count Five of plaintiff's second amended complaint is DISMISSED without prejudice as provided above. Defendant's request for oral argument is DENIED as moot.

### II. THE PARTIES' MOTIONS TO EXTEND TIME.

Plaintiff moves for an additional ten days in which to respond to defendant Telex's motion to compel discovery. Because plaintiff's motion was timely filed, because defendant does not oppose plaintiff's motion, and for other good cause shown, plaintiff's motion for extension of time to respond to defendant's motion to compel discovery is GRANTED.

Similarly, defendant Telex has moved for an extension of time in which to file its motion for summary judgment and to submit the parties' proposed consolidated pretrial order. Plaintiff does not oppose this motion. For this reason and in light of the existing discovery controversies, defendant's motion is GRANTED. Defendant shall have twenty (20) days from the resolution of all discovery disputes in which to file its motion for summary judgment. The consolidated pretrial order need not be submitted until thirty (30) days after the court's ruling on defendant's motion for summary judgment. Case Instructions, ¶ 7.

### III. DEFENDANT'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATION.

Defendant Telex seeks leave to file its brief in response to plaintiff's motion to compel discovery in excess of the court's twenty-five page limitation. For good cause shown, defendant's motion is GRANTED and defendant's "Brief in Opposition to Plaintiff's Motion and Brief to Compel Discovery" filed concurrently therewith shall be considered by the court.

### IV. PLAINTIFF'S MOTION TO EXTEND DISCOVERY.

Plaintiff moves unopposed for an order extending the discovery period up to and

 

through July 22, 1988. Since the filing of this motion, however, the parties have filed several other discovery related motions. Because the parties have each requested discovery extensions in connection with these later motions, the present motion is duplicative and is thus DENIED.

## V. THE DISCOVERY RELATED MOTIONS.

As alluded to above, both defendant Telex and plaintiff have filed motions to compel discovery. In addition, defendant Telex has moved the court for a protective order against production, inspection or copying of certain materials identified in subpoenas duces tecum served upon its corporate representatives.

### A. *Defendant Telex's Motions.*

Plaintiff's responses to defendant Telex's motions to compel and for protective order indicate that at least some of the matters raised by those motions have been "rendered moot by Telex's responses to discovery and document production at depositions subsequent to the filing of Telex's motion." While the fact that defendant Telex has not withdrawn either of its motions would indicate that some discovery disputes remain, the court is unable to determine from the parties' briefs what these issues are. For this reason, it would seem that the most efficient way to resolve any remaining conflicts would be by discovery conference. Accordingly, consideration of defendant Telex's motion to compel and for protective order is hereby DEFERRED. These motions shall be taken up in conference with the court.

### B. *Plaintiff's Motion to Compel.*

By this motion, plaintiff seeks an order compelling responses by defendant Telex to specified interrogatories and requests for production of documents. Inasmuch as the court has determined that defendant Telex's motion to compel and for protective order shall be taken up at conference, the court finds it appropriate that the present motion also be addressed at this conference. Accordingly, consideration of plaintiff's motion to compel is likewise DEFERRED and shall be taken up in conference with the court.

## VI. CONCLUSION.

In sum, defendant Telex's motion to dismiss Count V of plaintiff's second amended complaint is GRANTED as provided within the body of this order. Defendant's request for oral argument is thus DENIED as moot. Plaintiff's May 10, 1988 motion to extend discovery is DENIED. Plaintiff's motion to extend time to respond to defendant's motion to compel and defendant's motions to extend time for filing its motion for summary judgment and the consolidated pretrial order and for leave to exceed the court's page limitation are GRANTED. Consideration of defendant Telex's motions to compel discovery and for protective order and plaintiff's motion to compel discovery is hereby DEFERRED. These latter motions shall be taken up at discovery conference to be conducted October 6, 1988 at 4:30 p.m.