In re Ronald C. DAVIS, Debtor.

Ronald C. DAVIS, Plaintiff,

v.

BARNETT BANK, N.A., successor by merger to First National Bank of Cobb County, Defendant.

Bankruptcy No. 87–1758–BKC–3P1. Adv. No. 88–8.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 21, 1989.

David L. Fleming, Pensacola, Fla., for debtor.

George L. Hudspeth, Jacksonville, Fla., J. Marbury Ranier, David N. Heaton, Atlanta, Ga., for Barnett.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon Defendant's Motion to Dismiss Count V of the complaint styled "Amended Objection to Claim and Counterclaim." A hearing was held on February 8, 1989, and upon the argument and memoranda of law submitted by counsel, the Court enters the following Memorandum Opinion.

## FACTS

On February 4, 1987, Defendant filed suit in the United States District Court for the Northern District of Georgia against Ronald C. Davis, his wife, and daughter. The daughter was later dropped as a party defendant in order to preserve diversity of citizenship. Davis answered the complaint but failed to assert a counterclaim.

On May 27, 1987, Defendant commenced a second action against Plaintiff, his wife and daughter in the Superior Court of Fulton County, Georgia. Again, Plaintiff did not assert a counterclaim.

On November 2, 1987, Plaintiff filed a petition for relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101, *et seq.* On January 14, 1988, he initiated this adversary proceeding objecting to Defendant's claim and seeking damages flowing from allegations of (i) breach of committment; (ii) constructive fraud, breach of fiduciary duty, undue influence; (iii) bad faith; (iv) conversion; (v) malicious abuse of process.

Count V of the Complaint seeks to recover damages from Defendant arising out of the two lawsuits filed in Georgia based upon the theory of "malicious abuse of process."

Defendant argues that: (i) the tort of "malicious abuse of process" no longer exists under Georgia law but has merged into the tort of "abusive litigation", (ii) that such an action cannot be maintained because Plaintiff did not file a counterclaim in the original actions, and (iii) an action for "abusive litigation" as it exists under Georgia law is unavailable in federal court.

## DISCUSSION

█ Initially the Court must address whether Florida or Georgia law governs this proceeding. When a choice of law issue arises, federal courts should apply the forum state's choice of law rule. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In a tort action, Florida courts have adopted the "significant relationship" test set forth in RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145. *Bishop v. Florida Specialty Paint Co.,* 389 So.2d 999, 1001 (Fla.1980); *In re Shepard,* 29 B.R. 928, 931 (Bkrtcy.M.D.Fla.1983).

Under this test, Georgia clearly is the state possessing the most significant relationship to the occurrences giving rise to Plaintiff's claim for recovery in Count V. Each lawsuit in which Plaintiff claims "malicious abuse of process" was filed in Georgia and the filing of these suits comprise the conduct which allegedly caused the injury. Furthermore, each lawsuit was based on a lending relationship existing entirely in Georgia while Plaintiff was a Georgia resident.

Turning to the substantive issues, the Court finds that the tort of "malicious abuse of process," as pleaded by Plaintiff, no longer exists under Georgia law. In *Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414, 417 (1986), the Georgia Supreme Court merged the existing torts of malicious abuse of process and malicious use of process into a new, single cause of action for "abusive litigation." *Id.* Thus, any recovery available to Plaintiff in Count V would necessarily be for injury resulting from "abusive litigation" as set forth in *Yost*.

It is not disputed that Plaintiff's allegations are within the intent and spirit of *Yost*, but merely mislabeled. However, *Yost* explicitly held that

> The re-defined claim relative to abusive litigation arises, by necessity, only after the commencement of civil proceedings. It is derivative in nature, and hence it must be pleaded as a compulsory counterclaim or compulsory additional claim....

> The adjudication of this claim (or such claims), however, will be deferred, by bifurcation, until after the disposition of the underlying action, whereupon it shall be the *same* fact finder—that is, by the judge or jury of the underlying action.

*Id.* at 417–418; (original emphasis).

■ These clear guidelines supplied by *Yost* necessitate the dismissal of Plaintiff's Amended Counterclaim Count V. It is obvious from the record that Plaintiff did not assert any compulsory counterclaims in either the state or federal cases commenced in Georgia. It is improper for this Court to consider the same now. This Court is not the finder of fact as explained in *Yost*.

The treatment of Georgia abusive litigation claims by several federal courts also favors dismissal of Count V to the extent it seeks recovery based on Defendant's actions in the prior lawsuits.

In *Majik Market v. Best*, 684 F.Supp. 1089, 1092 (N.D.Ga.1987), the court agreed with the essential principles of *Yost* and determined that Georgia abusive litigation claims are not appropriate in federal court. Said the Court:

> Using Rule 11, federal courts can provide *any* appropriate sanction for abusive litigation. That rule is sufficient to provide sanctions for bringing frivolous federal law claims in federal court.

*Id.*

■ In *Union Carbide Corp. v. Tarancon Corp.*, 682 F.Supp. 535 (N.D.Ga.1988), the Court went one additional step and held that abusive litigation claims cannot be asserted in federal court. According to that court, a *Yost* claim for "abusive litigation" is a procedural device for monitoring litigation, not an independent tort. *Id.* at 545. Because Federal Rule of Civil Procedure 11 gives federal courts their own mechanism for controlling excessive litigation, a claim for "abusive litigation" is unavailable in federal court. Said the Court:

> Rule 11, like a *Yost* abusive litigation claim, provides a mechanism for monitoring litigation ...

> This court's determination that a *Yost* claim may not be raised in federal court will not result in either forum shopping or inequitable administration of the laws ... because the same rights as set forth in *Yost* exist in the federal court through the implementation of Rule 11 ... Rules 11 and 37 of the Federal Rules of Civil Procedure are designed to address and very adequately redress damages from abusive litigation in federal court.

*Id.* at 545–46.

## CONCLUSION

This Court finds that an action for malicious abuse of process will not lie under Georgia law where the defendant to the original lawsuit failed to file a compulsory counterclaim in that action. Alternatively, the Court finds that a claim for "abusive litigation" is not an independent tort but is instead a procedural device for controlling litigation. Because Rule 11 gives this Court an effective mechanism for redressing the damages caused by abusive litigation, Plaintiff's current action is unwarranted. Accordingly, Count V of Plaintiff's Complaint will be dismissed.

The Court will enter a separate order in accordance with these findings.