**Cecil EDWARDS and
Elizabeth Edwards**

v.

**ASSOCIATED BUREAUS, INC., d/b/a
Credit Converters.**

No. 1:89–cv–603–ODE

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 4, 1989.

Ralph Goldberg, Atlanta, Ga., for plaintiffs.

Edward Gary Sullivan, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This action alleging violations of the Fair Debt Collection Act, 15 U.S.C. § 1692, and the Georgia Fair Business Practices Act, O.C.G.A. § 10–1–390 et seq., is before the court on Plaintiffs Cecil Edwards and Elizabeth Edwards' motions to dismiss the counterclaim and the amended counterclaim for failure to state claims upon which

relief can be granted pursuant to Fed.R. Civ.P. 12(b)(6).

This case arose as a result of Defendant's alleged efforts to collect a debt owed by Plaintiffs. Defendant maintains that nonparty Gulf British Petroleum referred an account in Plaintiff Cecil Edwards' name to Defendant on September 27, 1988 for collection. Plaintiffs apparently claim that in its attempts to collect this debt, Defendant threatened the use of violence, used the telephone in an abusive manner and otherwise harassed them in violation of various subsections of 15 U.S.C. § 1692 and O.C.G.A. § 10-1-390.

Defendant denied these allegations and counterclaimed on abusive litigation grounds pursuant to O.C.G.A. § 9-15-14. Defendant bases the counterclaim on, among other things, the complete absence of a justiciable issue, Plaintiffs' failure to properly plead their case and the total inapplicability of O.C.G.A. § 10-1-390 to the facts in this case.

Plaintiffs move to dismiss this counterclaim, apparently arguing that counterclaims based on *Yost v. Turok* cannot be asserted in federal causes of action. *Id.,* 256 Ga. 92, 344 S.E.2d 414 (1986). Plaintiffs contend that the Supremacy Clause bars this state law counterclaim, in that Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 are the appropriate vehicles for penalizing parties asserting totally meritless arguments.

In response, Defendant argues that O.C. G.A. § 9-15-14 merely codifies the torts of malicious use and malicious abuse of litigation, and therefore is substantive law of this state, binding on this court under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Defendant also maintains that both 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 are substantially narrower in scope than O.C.G.A. § 9-15-14 in that the latter protects claimants against positions taken by an opponent without a justifiable legal *or* factual basis. Defendant asserts that Rule 11 requires evidence that the signer of a document failed to make a reasonable inquiry into the facts *and* law and that 28 U.S.C. § 1927 only applies with clear proof of bad faith. Defendant requests leave to amend its counterclaim pursuant to *Yost* should the court disagree with its analysis.

■ Actions may be brought under O.C. G.A. § 9-15-14 [1] "in any court of record of this state." O.C.G.A. § 9-15-14. This language "makes it clear that the statute was not intended to provide for claims in federal court." *Thomas v. Brown,* 708 F.Supp. 336, 339 (N.D.Ga.1989) (Shoob, J.) (citing *Union Carbide Corporation v. Tarancon Corporation,* 682 F.Supp. 535, 544 (N.D. Ga.1988) (Hall, J.); *Gerald Metals, Ltd. v. Horowitz,* No. C88-1107 (N.D.Ga. June 8, 1989) (Evans, J.). Consequently, the counterclaim as it stands is inappropriate in this forum.

■ Turning to Defendant's motion to amend in order to assert a *Yost* counterclaim, this too is improper under the circumstances of this case. In *Yost,* the Georgia Supreme Court created a cause of action for abusive litigation, which is somewhat of a hybrid tort, in that it possesses both procedural and substantive aspects. *See Chromatics, Inc. v. Telex Computer Products, Inc.,* 695 F.Supp. 1184, 1187 (N.D.Ga.1988) (Forrester, J.).

The *Yost* Court ruled that such claims "must be pleaded as a compulsory counterclaim or compulsory additional claim." *Id.* 256 Ga. at 96, 344 S.E.2d 414. However, as noted by other courts in this district, the designation of *Yost* claims as compulsory is not controlling in federal courts. *Chromatics,* 695 F.Supp. at 1187; *Majik Market v. Best,* 684 F.Supp. 1089, 1091-92 (N.D.Ga. 1987) (O'Kelley, J.); *A. L. Williams Corp. v. Faircloth,* 120 F.R.D. 135, 138 (N.D.Ga. 1987) (Freeman, J.). Having reconsidered this issue, this court agrees that *Yost* counterclaims brought in federal court are permissive and require their own basis for

---

**1.** This section states in pertinent part:

(a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position ...

federal jurisdiction. *Cf. Brasel v. Hynes,* No. C86–2093 (N.D.Ga., Jan. 12, 1987).

 In the instant case, the counterclaim as amended is grounded on Plaintiffs' purported failure to assert a legally cognizable claim in the complaint. Defendant has not alleged that its counterclaim meets the jurisdictional requisites necessary to bring a claim in this court. Moreover, none of the allegations in the counterclaim touch on circumstances or damages beyond the filing of the complaint.[2] No facts supporting "special damages other than attorney's fees and expenses of litigation" are alleged. *Yost,* 256 Ga. at 95, 344 S.E.2d 414. Under these circumstances, the sanctions provision of Fed.R.Civ.P. 11 provides the more appropriate vehicle for the relief De-

fendant seeks. *See Chromatics,* 695 F.Supp. at 1188.

Turning to Plaintiffs' motion to dismiss the amended counterclaim, it is premature in that Fed.R.Civ.P. 15(a) requires leave of court to amend under these circumstances. As stated above, such leave was not given.

Accordingly, Plaintiffs' motion to dismiss Defendant's counterclaim is GRANTED. Plaintiffs' motion to dismiss Defendant's amended counterclaim is DISMISSED as moot.

SO ORDERED.

---

2. The counterclaim seeks reasonable and necessary attorney's fees, expenses of litigation and nominal damages.