**EAST–BIBB TWIGGS NEIGHBORHOOD ASSOCIATION, Robert Moffett and Roscoe Ross, Plaintiffs–Appellees,**

v.

**MACON BIBB PLANNING & ZONING COMMISSION, Defendant,**

**Mullis Tree Service, Defendant–Appellant.**

**No. 89–8216.**

United States Court of Appeals, Eleventh Circuit.

Nov. 30, 1989.

William P. Adams, Adams, Hemingway, Wilson & Baxter, Macon, Ga., for defendant-appellant.

Lonzy F. Edwards, Edwards & Williams, Macon, Ga., for plaintiffs-appellees.

O. Hale Almand, Jr., Smith, Hawkins, Almand & Hollingworth, Macon, Ga., for defendant.

Before TJOFLAT, Chief Judge, HATCHETT, Circuit Judge, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

This appeal presents the question whether a Georgia "Yost" (*Yost v. Torok*, 256 Ga. 92, 344 S.E.2d 414 (1986)) claim must be entertained by a federal court as a compulsory counterclaim where the underlying action is brought pursuant to 42 U.S.C. § 1983. Finding that such a claim is, at best, a permissive counterclaim, we affirm the district court's dismissal of the *Yost* claim.

## I. BACKGROUND

In July, 1986, the Macon–Bibb County Planning and Zoning Commission ("the Commission") approved Mullis Tree Service's ("Mullis") application to build a landfill in Macon, Georgia. In April, 1987, the East Bibb–Twiggs Neighborhood Association and two individuals (collectively "the residents") filed a 42 U.S.C. § 1983 action against the Commission and Mullis. The residents claimed that: (1) Mullis and the Commission violated their procedural due process rights; (2) Mullis's and the Commission's actions denied them substantive due process; (3) the Commission's actions constituted a taking without just compensation; and (4) Mullis's and the Commission's choice of a landfill site denied them equal protection of the law because the decision affected more black persons than white persons.

Mullis filed a counterclaim pursuant to *Yost v. Torok*. In *Yost*, the Georgia Supreme Court combined two existing state law torts and created a single cause of action for abusive litigation. The residents moved to dismiss Mullis's counterclaim.

On December 18, 1987, the district court dismissed Mullis's *Yost* counterclaim "because the underlying dispute arises out of 42 U.S.C. § 1983. [Title] 42 U.S.C. § 1988 and [Federal Rule of Civil Procedure] 11 provide defendant Mullis with the exclusive remedy for abusive litigation under these facts." *East Bibb–Twiggs Neighborhood Association v. Macon–Bibb Planning and Zoning Commission*, 674 F.Supp. 1475, 1477 (M.D.Ga.1987).

## II. CONTENTIONS OF THE PARTIES

Mullis contends that the district court improperly dismissed its *Yost* counterclaim. Mullis asserts that its *Yost* claim constituted a compulsory counterclaim under Federal Rule of Civil Procedure 13(a) and that the district court possessed ancillary jurisdiction over the action.

The residents contend that the district court properly dismissed Mullis's *Yost* counterclaim. The residents argue that Mullis's *Yost* claim constituted a permissive counterclaim under Federal Rule of Civil Procedure 13(b) and that the district court did not possess subject matter jurisdiction over it.

## III. ISSUE

The sole issue is whether a federal court possesses subject matter jurisdiction to consider a state law counterclaim for abusive litigation when no diversity exists between the parties and when the underlying action is based on 42 U.S.C. § 1983.

## IV. DISCUSSION

■ First, we conclude that Mullis's *Yost* counterclaim, at best, constituted a permissive counterclaim under Federal Rule of Civil Procedure 13(b) because it did not arise out of the same transaction or occurrence that precipitated the residents' claim.[1] *See Edwards v. Associated Bureaus, Inc.,* No. 1:89–CV–603–ODE (N.D.Ga. Aug. 4, 1989); *Chromatics, Inc. v. Telex Computer Products, Inc.,* 695 F.Supp. 1184 (N.D.Ga.1988); *Majik Market, a Division of Munford, Inc. v. Best,* 684 F.Supp. 1089 (N.D.Ga.1987); *A.L. Williams Corp. v. Faircloth,* 120 F.R.D. 135 (N.D.Ga.1987). The residents filed their section 1983 action because of Mul-

lis's and the Commission's actions relating to the landfill. Mullis, however, filed its *Yost* action because of the residents' actions during the proceedings in federal court.

■ Second, we conclude that a federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis. *See Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir.1970). Mullis presents no basis for federal subject matter jurisdiction. Mullis does not present a federal question; rather, Mullis's *Yost* counterclaim rests purely on state law. Mullis also fails to allege diversity of citizenship with the residents.[2]

Our result does not prejudice those who must defend against frivolous section 1983 actions. Title 42 U.S.C. § 1988 specifically permits courts to grant such parties reasonable attorney's fees as part of court costs. In addition, Federal Rule of Civil Procedure 11 permits federal courts to award a broad range of sanctions against parties who engage in frivolous or vexatious litigation. *See Donaldson v. Clark,* 819 F.2d 1551 (11th Cir.1987). Because we are faced with a permissive counterclaim that does not present an independent jurisdictional basis, and because we consider the special implications of 42 U.S.C. §§ 1983 and 1988, we affirm the district court's dismissal of the counterclaim without reaching the broader issue of whether rule 11 and 42 U.S.C. § 1988 preempt *Yost* claims.

## V. CONCLUSION

■ We affirm the district court's dismissal of Mullis's *Yost* counterclaim. We

---

1. Rule 13(b) provides:
   A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

2. We recognize that district courts in Georgia are not in agreement about whether *Yost* counterclaims may be brought in federal court even when the counterclaimant presents an independent basis for subject matter jurisdiction. *Com-*

*pare Chromatics,* 695 F.Supp. at 1187 (treating *Yost* as substantive law and permitting a *Yost* counterclaim when diversity and amount in controversy requirements are met) *with Union Carbide Corp. v. Tarancon Corp.,* 682 F.Supp. 535, 545–46 (N.D.Ga.1988) (treating *Yost* as procedural law and holding that the rule of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) precludes any *Yost* counterclaim in federal court).

hold that when no diversity exists between the parties, a federal court has no subject matter jurisdiction to consider a state law permissive counterclaim for abusive litigation in response to a section 1983 action. We conclude that the district court properly dismissed Mullis's *Yost* counterclaim because Mullis failed to establish an independent basis for federal subject matter jurisdiction. The order of the district court is affirmed.

AFFIRMED.