**Linda HENRY, Plaintiff–Appellant,**

**v.**

**Kevin KEMP and Robert Dean, Defendants–Appellees.**

**No. 91CA0183.**

Colorado Court of Appeals, Div. IV.

March 12, 1992.

Paul Prendergast, Littleton, Colo., for plaintiff-appellant.

Anderson, Campbell & Laugesen, P.C., Franklin D. Patterson, Denver, Colo., for defendants-appellees.

Opinion by Judge CRISWELL.

Plaintiff, Linda Henry, appeals the trial court's summary judgment of dismissal of her claims against defendants, Kevin Kemp and Robert Dean. We affirm.

In January 1989, defendant Kemp filed an action in county court against plaintiff, seeking recovery for damages to his residence allegedly caused by plaintiff's son. In response, plaintiff commenced the instant action in the district court, claiming that the county court action was without a factual basis and that Kemp and his attorney were, therefore, liable for damages for abuse of process and for the tortious violation of C.R.C.P. 11.

The county court action was transferred to the district court and consolidated with plaintiff's suit. Following a hearing, the trial court dismissed plaintiff's claims and certified its judgment as final under C.R.C.P. 54(b).

## I.

Plaintiff contends that her complaint stated a claim for negligence *per se* based upon defendants' alleged violation of C.R.C.P. 11. We disagree.

The violation of a statute or ordinance adopted for the public's safety may be negligence *per se*, thereby establishing civil liability for all damages proximately caused by the violation. However, if a statute provides a specific means of enforcing legal duties that were unknown at common law, that statutory remedy will be considered exclusive. *See Gamble v. Levitz Furniture Co.*, 759 P.2d 761 (Colo.App. 1988); *Corbin v. Sinclair Marketing, Inc.*, 684 P.2d 265 (Colo.App.1984).

C.R.C.P. 11 imposes the following affirmative, independent, duties on an attorney or a litigant who signs a pleading: (1) there must be a reasonable prefiling inquiry into the facts and the law; (2) the signer must believe the pleading is "well grounded in fact"; (3) the legal theory asserted must be based on existing legal principles or a "good faith argument" for the modification of existing law; and (4) the pleading must not be filed for the purpose of causing delay, harassment, or an increase in the cost of litigation. If a trial court in which the pleading is filed determines that there has been a violation of C.R.C.P. 11, the imposition of sanctions is mandatory, and the rule permits the court to impose the sanctions against the attorney, the client, or both.

C.R.C.P. 11 is not a legislative enactment, and accordingly, an analysis like that employed with regard to a statutory remedy may not always be appropriate in considering rules of court. Nevertheless, we conclude that, here, to determine whether C.R.C.P. 11 furnishes the basis for an independent action, it is necessary to pursue an analysis similar to that followed in determining whether a statute authorizes the prosecution of an independent right of action. Having reviewed the required factors we hold that no independent action can be maintained for an alleged violation of C.R.C.P. 11.

Nothing within C.R.C.P. 11 would support the conclusion that the supreme court, in promulgating this rule, intended that another court of initial jurisdiction, other than the one before whom the pleading was presented, would pass upon the propriety of that pleading. On the contrary, from its face, the conclusion is manifest that the sanctions authorized by the rule's terms were intended to be imposed, if at all, only by the court that has jurisdiction to adjudicate the underlying cause. Hence, the remedy provided by C.R.C.P. 11 is exclu-

sive; an independent claim, based upon an alleged violation of C.R.C.P. 11, may not be asserted in separate proceedings. *See United States v. Articles of Drug*, 601 F.Supp. 392 (D.Neb.1984) (Fed.R.Civ.P. 11 does not create independent cause of action; it is merely a remedial tool available to the court). *See also Chromatics v. Telex Computer Products, Inc.*, 695 F.Supp. 1184 (N.D.Ga.1988); *East–Bibb Twiggs Neighborhood Ass'n v. Macon–Bibb Planning & Zoning Commission*, 674 F.Supp. 1475 (M.D.Ga.1987), *aff'd* 888 F.2d 1576 (11th Cir.1989).

## II.

 We also disagree with plaintiff's assertion that the trial court erred in dismissing her claim for abuse of process.

We recognize that there may exist some controversy as to the requisite elements of an abuse of process claim. *Compare Aztec Sound Corp. v. Western States Leasing Co.*, 32 Colo.App. 248, 510 P.2d 897 (1973) with *Protect Our Mountain Environment, Inc. v. District Court*, 677 P.2d 1361 (Colo.1984). *See also Concerned Members of Intermountain Rural Electric Ass'n*, 713 P.2d 923 (Colo.1986) and *Ware v. McCutchen*, 784 P.2d 846 (Colo.App.1989). Under the existing cases it is unclear whether, to succeed on an abuse of process claim, it is necessary to demonstrate that process was used in an improper manner during the course of proceedings.

However, there is no question but that the requisite elements of abuse of process include a showing that the claim that was asserted was devoid of reasonable factual support or, if so supported, lacked a cognizable basis in law and that the primary purpose for asserting such claim was to harass the other party or to accomplish some other improper objective. *See Protect Our Mountain Environment v. District Court, supra.* Here, the record reveals that plaintiff made no showing that either of these two elements were present. Hence, the record supports the trial court's judgment dismissing the abuse of process claim.

The judgment is affirmed.

MARQUEZ and DUBOFSKY, JJ., concur.